Gerald M. BILLOUIN, et al., Plaintiffs,

v.

**MONSANTO COMPANY, et al., Defendants.**

**No. 4:94CV01152 GFG.**

United States District Court, E.D. Missouri, Eastern Division.

May 3, 1995.

---

Peter J. Gleekel, Suzanne M. Spellacy, Therese M. Marso, Laurie A. Knocke, Stephen J. Snyder, Betsy J. Loushin, Craig A. Brandt, Winthrop and Weinstine, St. Paul, MN, for Gerald M. Billouin, Joseph F. Bromiley, Robert L. Bryant, Don R. Carroll, Pasquale Cozza, Thomas H. Crooks, Michael R. Daugherty, Nicholas P. Del Boccio, Alan A. Desandre, Harold G. Dickman, Francis L. Dobrovolny, John W. Endicott, Earl Flage, Sydney Friday, Theodis Hadley, Jr., Alfred F. Hanson, Gene W. Hines, George A. Hunter, Huber F. Kahle, Charles O. Kidwell, Sr., Leon M. Kleinberg, Gregory J. Kokoska, James A. Leduc, Michael W. March, Robert E. Myers, Paul H. Naeseth, David A. Oberg, Glenn K. Okada, Ronald C. Pryhuber, Alan E. Pryor, Henry J. Raehn, Clarence W. Rhodes, John W. Schuler, Thomas J. Schwartz, Thomas P. Shea, Daniel Shryock, Robert J. Sieger, Joseph A. Speth, Larry W. Stockwell, Robert Swadley, Eugene E. Wolff.

Stephen J. Snyder, Betsy J. Loushin, Craig A. Brandt, Winthrop and Weinstine, St. Paul, MN, for Vincent Russo, Thomas J. Leahy.

Richard E. Jaudes, Peper and Martin, St. Louis, MO, Steven T. Catlett, Matthew W. Lampe, Jackie M. Kenyon, Jones and Day, Columbus, OH, Andrew M. Kramer, Jones and Day, Cleveland, OH, for Monsanto Co., Chevron Corp., Chevron Chemical Co.

Robert G. Johnson, Donna L. Harper, Gretchen D. Hutson, E.E.O.C., St. Louis, MO, for E.E.O.C.

## *ORDER*

GUNN, District Judge.

This matter is before the Court on the Motion of the Equal Employment Opportunity Commission (EEOC) to Intervene as Party Plaintiff.

Plaintiffs filed a suit against defendants Monsanto Company and Chevron Chemical Corporation in June of 1994. The Amended Complaint alleges various claims of employment discrimination pursuant to Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, Title VII, 42 U.S.C. §§ 2000e *et seq.*, Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* and the Missouri Human Rights Act, Mo.Rev.Stat. §§ 213.010 *et seq.* EEOC now seeks to intervene as party plaintiff. Plaintiffs support the motion while defendants oppose it.

Pursuant to Rule 24(b)(2), a court has discretion to allow a party to intervene "[u]pon timely application ... when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R.Civ.P. 24(b)(2). The court must consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* In this case, an additional requirement for EEOC intervention exists: certification by the agency that the case is of general public importance. 42 U.S.C. §§ 2000e–5(f)(1), 12117(a). In this case, the EEOC's General Counsel has certified that the case is of general public importance. (Mot. Intervene Attach.)

The Court will allow EEOC intervention in this case. Upon review of the EEOC's proposed complaint in intervention, the Court finds that resolution of the EEOC's complaint and plaintiffs' claims will turn on com-

mon questions of law and fact. In addition, the application to intervene is not untimely under the circumstances of this case. The parties filed a discovery plan with the Court in which the deadline for adding parties was set at March 31, 1995. (Doc. No. 28, filed Aug. 2, 1994, at 4.) EEOC filed its motion to intervene on March 29, 1995 within that deadline.

Furthermore, the Court finds that allowing the EEOC to intervene will not delay the discovery process in this case; the EEOC has represented that it will not redepose any previous deponents, that it will coordinate its discovery with that of plaintiffs and that it will abide by the current discovery plan. Defendants argue that the EEOC's presence in this litigation will prejudice their rights by threatening any chance of settlement and by doubling the cost of litigation. Defendants' statements are not persuasive: this Court simply cannot say that EEOC intervention would prejudice defendants' rights.

Defendants also contend that by allowing the EEOC to intervene, this Court will be burdened with additional pleadings regarding discovery disputes. Defendants' assertion is highly speculative and premature, and the Court cautions defendants not to allow their vehement opposition to EEOC intervention to carry over into discovery matters and create problems between the parties requiring this Court's intervention. Accordingly,

**IT IS HEREBY ORDERED** that the Motion of the Equal Employment Opportunity Commission to Intervene as Party Plaintiff (Doc. No. 49) is granted.